BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| IN RE DIRECT PURCHASER PLAINTIFF BEEF ANTITRUST LITIGATION | ) ) ) ) ) ) )   MDL No. 3031 |

**DEFENDANTS' RESPONSE TO MOTION FOR TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendants[1] hereby submit this Response to the Motion to Transfer, Dkt. 1, filed by plaintiffs in the cases captioned *Amory Investments LLC v. Cargill, Incorporated, et al.*, Case No. 3:22-cv-222 (N.D.N.Y.) (the "*Amory* Action"); *Cheney Brothers, Inc. v. Cargill, Incorporated, et al.*, Case No. 9:22-cv-80153 (S.D. Fla.) (the "*Cheney Brothers* Action"); and *Subway Protein Litig. Corp., as Litigation Trustee of the Subway® Protein Litig. Trust v. Cargill, Incorporated, et al.*, Case No. 3:22-cv-289 (D. Conn.) (the "*Subway* Action") (the "Moving Plaintiffs"). Defendants agree that centralization of the related actions is appropriate pursuant to 28 U.S.C. § 1407 and that the District of Minnesota is an appropriate venue for consolidated or coordinated pretrial proceedings.

The Moving Plaintiffs identified three actions subject to transfer: the *Amory*, *Cheney Brothers*, and *Subway* Actions. All of these actions (collectively, the "Related Actions") should be centralized and transferred to the District of Minnesota for the reasons stated below.

---

[1] "Defendants" are Cargill, Incorporated; Cargill Meat Solutions Corporation; JBS S.A.; JBS USA Food Company; Swift Beef Company; JBS Packerland, Inc.; National Beef Packing Company, LLC; Tyson Foods, Inc.; and Tyson Fresh Meats, Inc.

# BACKGROUND

Defendants, or certain of the Defendants, process beef. They procure fed cattle and other types of cattle for processing into a variety of beef products for sale to food makers, food service companies, food retailers, and other companies.

In April 2019, a putative class of beef consumer plaintiffs filed a complaint against Defendants in the United States District Court for the District of Minnesota alleging that the Defendant meatpackers dominate the beef processing industry and conspired together to depress the amount of cattle they procured, and the prices they paid for cattle, and to reduce their output of beef, thus allegedly inflating downstream prices. (*Peterson, et al., v. Agri Stats, Inc., et al.*, Case No. 19-cv-1129, ECF No. 1, ¶¶ 1-2, 4 (D. Minn. April 26, 2019).[2]) In May 2019, a putative class of cattle producers filed a related complaint in the District of Minnesota similarly alleging that Defendants conspired to depress cattle procurement and pricing. (*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am., et al., v. Tyson Foods, Inc., et al.*, Case No. 19-cv-1222, ECF No. 1, at ¶¶ 1, 7-9 (D. Minn. May 7, 2019).[3]) Defendants moved to dismiss these two complaints, and in September 2020, the Court granted the motion but allowed plaintiffs to replead.

In the interim, in June 2020, a putative class of direct beef purchaser plaintiffs filed a complaint in the District of Minnesota alleging a similar scheme by Defendants to depress cattle procurement and beef production thereby inflating the price of beef. (*Howard B. Samuels, solely as Chapter 7 trustee of the estates of Central Grocers, Inc., et al., v. Cargill, Incorporated, et al.*, Case No. 20-cv-1319, ECF No. 1 ¶¶ 1-3 (D. Minn. June 6, 2020).) That action was later consolidated with another similar putative beef direct purchaser action into *In re DPP Beef*

---

[2] The *Peterson* Plaintiffs subsequently dismissed Agri Stats, Inc.

[3] Two other putative cattle producer complaints were filed, and the three producer actions were consolidated into *In re Cattle Antitrust Litig.*, Case No. 19-cv-1222. *See id.*, ECF No. 88.

*Litigation*. (*See Samuels*, Case No. 20-cv-1319, ECF No. 71 (D. Minn. Sept. 4, 2020).) A putative class of commercial and institutional indirect beef purchaser plaintiffs followed with their own similar allegations. (*Erbert & Gerbert's, Inc., v. JBS USA Food Company Holdings, et al.*, Case No. 20-cv-1414 (D. Minn. June 18, 2020).) A direct action plaintiff ("DAP") later brought an almost-identical beef direct purchaser plaintiff complaint, which consolidated with the *DPP* action. (*Winn-Dixie Stores, Inc., et al. v. Cargill, Incorporated, et al.*, Case No. 21-cv-1751, ECF No 1 (D. Minn. Aug. 2, 2021).)

All of the cases—*Peterson*, *In re Cattle*, *DPP*, *Winn-Dixie*, and *Erbert & Gerbert's*—were assigned to Chief Judge John R. Tunheim and Magistrate Judge Hildy Bowbeer.

Defendants again moved to dismiss. On September 14, 2021, the court granted in part but denied in part Defendants' motions to dismiss.

While the second motion to dismiss was pending, at the direction of the District of Minnesota court, the parties made progress on certain pre-discovery and discovery activities, including entering an Order Regarding Production of Electronically Stored Information and Paper Documents (ESI Protocol) and a Protective Order; serving disclosures, initial sets of request for production, and responses and objections thereto, as well as proposals and counterproposals relating to document custodians, non-custodial sources of information, and applicable date ranges; and making limited productions of documents.

After the second motion to dismiss ruling, the Court entered a series of orders coordinating *all* these related cases for pretrial purposes, setting certain pretrial deadlines, and setting regular case management conferences. (*See* Case No. 20-cv-1319, ECF No. 252, 271, 295.) The Court also held a Rule 16 conference and has already heard and, in some cases, decided (or has under advisement) discovery disputes pertaining to all of the coordinated cases.

The parties have made efforts to coordinate discovery across all of the *In re Cattle & Beef* cases, including negotiating one set of custodians per Defendant family to apply across all of the cases and agreeing that document productions and discovery would be served on all parties in all coordinated cases.

At the time of the Motion to Transfer, three Related Actions were pending outside the District of Minnesota: the *Amory* Action (N.D.N.Y.), the *Cheney Brothers* Action (S.D. Fla.), and the *Subway* Action (D. Conn.).

Each of these new complaints are materially identical to those in the coordinated or consolidated District of Minnesota actions.[4] Each names the same set of Defendants. The complaints in the Related Actions also purport to base their claims on common evidence. For instance, all of the complaints rely on the same charts and figures, including a line graph purporting to show Defendants' slaughter volumes from 2012 through 2019 and a bar graph purporting to compare Defendants' slaughter volumes from 2007 through 2019 with slaughter volumes of "Other Packers" in the same period.[5] And the complaints rely on allegations concerning supposed "Confidential Witnesses" that are expressly "made upon information and belief based on allegations contained in the Third Consolidated Amended Class Action Complaint filed in the District of Minnesota by Plaintiffs including the Ranchers Cattlemen Action Legal Fund."[6]

---

[4] *E.g.*, *Cheney Bros.*, ECF No. 1 ¶¶ 1-2 (alleging that Defendants have "conspir[ed] to limit the supply, and fix the prices, of beef" by effectuating "a scheme to artificially constrain the supply of beef entering the domestic supply chain sold to Plaintiff in the U.S. wholesale market").

[5] *E.g.*, *Cheney Bros.*, ECF No. 1 ¶¶ 12 ("Figure 1"), 14 ("Figure 3"); *Amory*, ECF No. 1 ¶¶ 12 ("Figure 1"), 14 ("Figure 3"); *Subway*, ECF No. 1 ¶¶ 12 ("Figure 1"), 14 ("Figure 3").

[6] *Cheney Bros.*, ECF No. 1 ¶ 5 & n.2; *Amory*, ECF No. 1 ¶ 5 & n.2; *Subway*, ECF No. 1 ¶ 5 & n.2.

**ARGUMENT**

**I.     The Panel Should Transfer and Consolidate the Related Actions Pursuant to 28 U.S.C. § 1407.**

**A.     The Related Actions Involve Common Questions of Fact and Law.**

Defendants agree with the Moving Plaintiffs that the Related Actions share common questions of law and fact.[7] Mem. ISO Mot. to Transfer, Dkt. 1-1 at 5. Common questions of fact include but are not limited to:

- The varied factors impacting Defendants' fed cattle harvest volumes, production volumes, and margins during the alleged conspiracy period, including the cattle cycle and market stimuli;

- Whether Defendants acted in parallel as alleged in procurement and production;

- The basis for and accuracy of the "confidential witness" allegations; and

- Whether there was any effect of the alleged conspiracy on cattle and beef prices.

Transfer is authorized even when actions involve just "one or more common questions," so these myriad common questions, which lie at the heart of the various Related Actions, easily justify transfer and consolidation under 28 U.S.C. § 1407.

The overlap in factual issues, parties, and claims in the Related Actions is extensive, and coordination of common discovery clearly "will be essential to avoiding duplication and inconvenience to the parties, witnesses, and the courts." *In re Generic Digoxin and Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1343 (J.P.M.L. 2017).[8] These overlaps, moreover, exist across all the cases in the coordinated *In re Cattle & Beef* actions and the Related Actions.

---

[7] Defendants do not necessarily agree with the entirety of Moving Plaintiffs' articulation of the common questions.

[8] By arguing that transfer under 28 U.S.C. § 1407 is appropriate, Defendants do not waive and expressly reserve their right to oppose certification of the putative classes in Related Actions. As this Panel has recognized, "[t]he criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from the criteria for transfer pursuant to 28 U.S.C.

### B. Transfer Would Be Convenient for the Parties and Witnesses and Would Promote Judicial Efficiency.

Defendants also agree with the Moving Plaintiffs that transfer will promote the just and efficient resolution of the Related Actions. *See* Mem. ISO Mot. to Transfer, Dkt. 1-1 at 6-7. Because the complaints in the Related Actions allege the same antitrust conspiracy between Defendants, plaintiffs in the Related Actions are certain to seek discovery of the same information on the same or very similar topics. Without pretrial consolidation or coordination, the courts and the parties would spend significant time and resources in repetitive motion practice. The courts and the parties also would need to re-litigate overlapping pretrial issues, including discovery issues, in various courts and with various counsel but all asserting essentially identical allegations. *See, e.g.*, *In re Allstate Ins. Co. FLSA Litig.*, 283 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003) (ruling that consolidation was "necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary").

In this instance, there are already multiple actions alleging practically identical claims against the exact same Defendants that are already consolidated or coordinated in the District of Minnesota, whereas to date there are only three Related Actions. Transferring the Related Cases to the larger group of already-coordinated cases will serve judicial economy and efficiency. Moreover, the parties in the *In re Cattle & Beef* actions already have the benefit of rulings on motions to dismiss and discovery motions, which will further streamline the litigation once the Related Actions are coordinated or consolidated with them.

---

§ 1407." *In re 7-Eleven Franchise Antitrust Litig.*, 358 F. Supp. 286, 287 (J.P.M.L. 1973). The threshold inquiry under Rule 23 generally concerns whether a case presents common and predominating questions *among plaintiffs and class members*, while the inquiry under § 1407(a) is whether common questions arise *across different cases*.

On the other hand, if the Related Actions are not transferred to Minnesota, Defendants would have to secure local counsel in the various jurisdictions and likely move to stay the Related Actions to avoid having to file motions to dismiss similar complaints in multiple jurisdictions under the law of multiple circuits.

## II. The Related Actions Should Be Transferred to and Consolidated in the District of Minnesota.

Defendants agree that the District of Minnesota is the most convenient forum for the parties and the witnesses. The District of Minnesota is geographically central and easily accessible to counsel and witnesses. One Defendant, Cargill, Incorporated, is located in Minnesota. Counsel for Defendants have litigated the *In re Cattle & Beef* cases in Minnesota for years.

In contrast to the District of Minnesota, the other forums in which Related Actions are pending would be inconvenient for the vast majority of Defendants. None of the Defendants are headquartered in or anywhere near any of the current districts for each Related Action.[9] Nor are there any relevant witnesses identified to date in those districts. Only one Related Action is currently pending in each of those districts, moreover, so transfer of all of the Related Actions to one of those districts would be inconvenient for the majority of plaintiffs other than the particular plaintiff or plaintiffs that sued in that forum.

As in the *Pork* cases, transferring to the District of Minnesota will benefit the parties given Judge Tunheim's "familiarity with the parties and issues in this litigation," including through deciding two rounds of dismissal motions, and "his extensive multidistrict litigation experience." *In re Pork Direct & Indirect Purchaser Antitrust Litig.*, MDL No. 2998, ECF No. 48, Transfer Order (JPML June 9, 2021).

---

[9] Defendants' headquarters for U.S. operations are in, respectively, Minnesota (Cargill, Incorporated) and Kansas (Cargill Meat Solutions Corporation); Colorado (JBS); Arkansas (Tyson); and Missouri (National Beef).

7

Defendants therefore request that the Panel promptly order the cases transferred to the District of Minnesota.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel transfer the Related Actions to the District of Minnesota for consolidated or coordinated pretrial proceedings under 28 U.S.C. § 1407.

Dated:  April 1, 2022                                     Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com

*Attorney for Defendants Cargill, Incorporated and Cargill Meat Solutions Corporation*

/s/ Ulrike B. Connelly
Ulrike B. Connelly
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8846
uconnelly@perkinscoie.com

*Attorney for Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

/s/ Tiffany Lipscomb-Jackson
Tiffany Lipscomb-Jackson
**JONES DAY**
325 John H. McConnell Blvd., Suite 600

Columbus, OH 43215
Tel.: 614-281-3939
tdlipscombjackson@jonesday.com

*Attorney for Defendant National Beef Packing Company, LLC*

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Tel.: (212) 849-7000
stephenneuwirth@quinnemanuel.com

*Attorney for Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company*

*\*Special Appearance for Defendant JBS S.A.*