**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **May 26, 2022**

LOCATION OF HEARING SESSION:   Joseph F. Weis Jr. U.S. Courthouse
                                 Courtroom 6A, 6th Floor
                                 700 Grant Street
                                 Pittsburgh, Pennsylvania 15219

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.**  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic.  **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.**  Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue.  Allocations will not be made or changed at the Hearing.  Further details regarding how the Hearing Session will be

-2-

- conducted shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **May 2, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Western District of Pennsylvania

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 26, 2022, the Panel will convene a hearing session in Pittsburgh, Pennsylvania, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c). **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.** Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
May 26, 2022 -- Pittsburgh, Pennsylvania

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3028 − **IN RE: ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020**

Motion, as amended, of defendants Apex Logistics International Inc.; Orient Express Container Co., Ltd.; Flexport International LLC; Dimerco Express (USA) Corp.; RS Logistics Limited; Oregon International Air Freight Co.; Air Tiger Express (ASIA) Inc.; Apex Maritime Co. (LAX), Inc.; Apex Maritime Co. (ORD), Inc.; Apex Maritime Co., Inc.; and Rohlig USA, LLC, to transfer the following actions to the United States District Court for the Southern District of New York:

<u>Central District of California</u>

JEWELRY UNLIMITED, INC. v. PUDONG PRIME INTL LOGISTICS, INC., C.A. No. 2:21−08200
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. AMERICAN COMMERCIAL TRANSPORT, INC., ET AL., C.A. No. 2:21−08784
CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NO. 600230 v. EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., ET AL., C.A. No. 2:21−08951
ATLANTIC SPECIALTY INSURANCE COMPANY, ET AL. v. APEX LOGISTICS INTERNATIONAL, INC., ET AL., C.A. No. 2:21−08974
ASHTEAD HOLDINGS, INC. v. DE WELL CONTAINER SHIPPING, INC., ET AL., C.A. No. 2:21−08985
LIBERTY MUTUAL INSURANCE COMPANY, ET AL. v. CNK LINE AND LOGISTICS CO., LTD, ET AL., C.A. No. 2:21−09007
ACE AMERICAN INSURANCE COMPANY, ET AL. v. AMERICA PACIFIC CONTAINER LINE, INC., ET AL., C.A. No. 2:21−09083
NAVIGATORS MANAGEMENT COMPANY, INC. v. APEX LOGISTICS INTERNATIONAL, INC., ET AL., C.A. No. 2:21−09159
STATE NATIONAL INSURANCE COMPANY, INC. v. DE WELL CONTAINER SHIPPING, INC., ET AL., C.A. No. 2:21−09290

BACKER EHP, INC., ET AL. v. M/V ONE APUS, ET AL., C.A. No. 2:21−09605
FEDERAL INSURANCE COMPANY v. TOPOCEAN CONSOLIDATION SERVICE
　　LOS ANGELES INC., C.A. No. 2:21−10016

　　　　Northern District of California

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. FLEXPORT
　　INTERNATIONAL LLC, ET AL., C.A. No. 3:21−08642
STARR INDEMNITY & LIABILITY INSURANCE COMPANY, ET AL. v. APEX
　　MARITIME CO. (LAX), INC., ET AL., C.A. No. 3:21−08879
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. FLEXPORT
　　INTERNATIONAL LLC, C.A. No. 3:21−08957
PEAG LLC, ET AL. v. FLEXPORT INTERNATIONAL LLC, C.A. No. 3:21−09376
MEYER CORPORATION, ET AL. v. APEX MARITIME CO., INC.,
　　C.A. No. 4:21−08947
SME CONSOLIDATED LTD., ET AL. v. APEX MARTIME CO., INC., ET AL.,
　　C.A. No. 4:21−09283

　　　　Northern District of Illinois

FEDERAL INSURANCE COMPANY v. AIT WORLDWIDE LOGISTICS, INC.,
　　C.A. No. 1:21−06383
NAVIGATORS MANAGEMENT COMPANY, INC. v. R.I.M. LOGISTICS, LTD.,
　　C.A. No. 1:21−06406
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, ET AL. v.
　　DIMERCO EXPRESS (U.S.A.) CORP., C.A. No. 1:21−06498

　　　　District of New Jersey

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. DYNAMIC
　　WORLDWIDE LOGISTICS, INC., C.A. No. 2:21−19924
LIBERTY MUTUAL INSURANCE COMPANY v. AMERICAN INTERNATIONAL
　　CARGO SERVICE, INC., C.A. No. 2:21−20152

　　　　Eastern District of New York

NAVIGATORS MANAGEMENT COMPANY, INC. v. AIRPORT CLEARANCE
　　SERVICE, INC., C.A. No. 2:21−06856

Southern District of New York

MSIG MINGTAI INSURANCE CO., LTD., ET AL. v. DANMAR LINES LTD.,
C.A. No. 1:21−07994
TOKIO MARINE NEWA INSURANCE CO., LTD. v. ORIENT EXPRESS CONTAINER
CO., LTD., C.A. No. 1:21−09194
ATLANTIC SPECIALTY INSURANCE COMPANY, ET AL. v. CHINA INT'L
FREIGHT CO., LTD., C.A. No. 1:21−09195
STARR INDEMNITY & LIABILITY COMPANY, ET AL. v. TRUST FREIGHT
SERVICES, INC., ET AL., C.A. No. 1:21−09370
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA v. ALL−WAYS
FORWARDING INT'L, INC., ET AL., C.A. No. 1:21−09388
NAVIGATORS MANAGEMENT COMPANY, INC., ET AL. v. KINTETSU WORLD
EXPRESS, INC., ET AL., C.A. No. 1:21−09546
M+R FORWARDING PTE. LTD. v. BENKEL INTERNATIONAL PTE LTD.,
C.A. No. 1:21−09752
HANESBRANDS, INC., ET AL. v. EFL CONTAINER LINES, LLC, ET AL.,
C.A. No. 1:21−09858
FEDERAL INSURANCE COMPANY v. US PACIFIC TRANSPORT, INC.,
C.A. No. 1:21−09935
FEDERAL INSURANCE COMPANY v. ORIENT EXPRESS CONTAINER CO., LTD.,
C.A. No. 1:21−09975
DE WELL CONTAINER SHIPPING, INC. v. CHIDORI SHIP HOLDING LLC, ET AL.,
C.A. No. 1:21−09980
FEDERAL INSURANCE COMPANY v. LAUFER GROUP INTERNATIONAL, LTD.,
ET AL., C.A. No. 1:21−09992
THE PEOPLE'S INSURANCE COMPANY OF CHINA (HONG KONG), LTD. v.
DAMCO INTERNATIONAL B.V., ET AL., C.A. No. 1:21−10113
ALL−WAYS FORWARDING INT'L, INC. v. M/V ONE APUS, ET AL.,
C.A. No. 1:21−10154
ROANOKE INSURANCE GROUP, INC. v. KUEHNE NAGEL INC., ET AL.,
C.A. No. 1:21−10172
HUATAI PROPERTY & CASUALTY INSURANCE CO., LTD. QINGDAO BRANCH v.
YANG MING MARINE TRANSPORT CORP., C.A. No. 1:21−10173
XL INSURANCE COMPANY, (AXA), ET AL. v. ALL−WAYS FORWARDING INT'L,
INC., ET AL., C.A. No. 1:21−10177
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA v.
KUEHNE + NAGEL, INC., ET AL., C.A. No. 1:21−10183
ATLANTIC SPECIALTY INSURANCE COMPANY v. ALL−WAYS FORWARDING
INT'L, INC., ET AL., C.A. No. 1:21−10344

STARR INDEMITY & LIABILITY COMPANY, INC. v. AIRPORT CLEARANCE
 SERVICE, INC., C.A. No. 1:21−10554
DHL GLOBAL FORWARDING (THAILAND) LIMITED, ET AL. v. VANGUARD
 LOGISTICS SERVICES (HONG KONG) LTD., ET AL., C.A. No. 1:21−10598

<ins>District of Oregon</ins>

NAVIGATORS MANAGEMENT COMPANY, INC., ET AL. v. OREGON
 INTERNATIONAL AIR FREIGHT CO., C.A. No. 3:21−01703

<ins>Middle District of Tennessee</ins>

NAVIGATORS MANAGEMENT COMPANY, INC. v. WORLDBRIDGE LOGISTICS,
 INC., C.A. No. 3:21−00883

<ins>Southern District of Texas</ins>

STARR INDEMNITY & LIABILITY COMPANY v. CRANE WORLDWIDE
 LOGISTICS LLC, C.A. No. 4:21−03809

<ins>Western District of Washington</ins>

LIBERTY MUTUAL INSURANCE COMPANY v. EXPEDITORS INTERNATIONAL
 OCEAN, INC., ET AL., C.A. No. 2:21−01593
NAVIGATORS MANAGEMENT COMPANY, INC. v. EXPEDITORS
 INTERNATIONAL OF WASHINGTON INC., C.A. No. 2:21−01598
STARR INDEMNITY & LIABILITY COMPANY v. EXPEDITORS
 INTERNATIONAL OCEAN, INC., ET AL., C.A. No. 2:21−01606

MDL No. 3029 − **IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY
 LITIGATION (NO. II)**

 Motion of defendants Covidien LP; Covidien Holding Inc.; Covidien, Inc; Covidien plc; Tyco Healthcare Group; Tyco International; Sofradim Productions SAS; Medtronic, Inc.; and Medtronic USA, Inc., to transfer the following actions to the United States District Court for the District of Massachusetts:

<ins>Middle District of Florida</ins>

GARCIA v. COVIDIEN LP, ET AL., C.A. No. 6:21−01208

      Southern District of Florida

RICCI, ET AL. v. MEDTRONIC, INC., C.A. No. 0:22−60211

      Eastern District of Louisiana

SINGLETARY, ET AL. v. COVIDIEN LP, ET AL., C.A. No. 2:19−13108

      District of Massachusetts

EASOM v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11985
ZIMMERMAN v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11991
CASTILLO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11995
CICERCHIA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11996
DAVIDSON, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11998
EDEN v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11999
HUDMAN, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12000
KELGIN, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12001
OGLESBY v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12002
WILSON v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12003
ZEIGLER v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12004
ZETINA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12005
MORRIS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12007
ELLIS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12008
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12009
TAYLOR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12010
CAMPOPIANO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12011
PADILLA v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12014
STREYAR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12017
WINTERS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12018
JUANZ v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12020
PEAK, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12022
ELLIOTT, JR. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12023
HARO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12024
NASSAR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12025
KOTHLOW, ET AL. v. COVIDIEN, INC., ET AL., C.A. No.1:21−12026
RHODES, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12027
FORDOMS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12028
LUZEY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10076
BEYMER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10100
BOLTON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10102

COVINGTON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10104
MONTOYA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10106
OLLER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10107
CARTER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10108
BAILON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10109
BARTELL v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10111
BOUND v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10112
HANKS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10114
GUY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10116
HURSH v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10118
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10119
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10120
MARMOLEJO v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10121
HANNA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10122
BENNETT v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10123
SIPE v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10124
WILSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10125
PASSMORE v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10136
MUNGUIA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10137
SAITTA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10138
SMITH v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10139
PIOTROWSKI v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10146
KELLY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10147
MOYLE, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10149
TOLENTINO v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10152
PATTERSON, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10153
RAPP v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10256
ROBBINS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10257
BRACKEN v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10274
GRIJALVA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10275
DAVIS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10276
HARRISON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10277
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10279
JONES v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10280
SANCHEZ v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10283
STEWART v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10284

   Western District of Missouri

GRISHAM, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 4:21−00656

   District of New Jersey

SMITH v. COVIDIEN LP, C.A. No. 1:19−11981

   Northern District of Oklahoma

MCCALL v. COVIDIEN LP, ET AL., C.A. No. 4:21−00005

MDL No. 3030 − **IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION**

  Motion of defendant Deere & Company to transfer the following actions to the United States District Court for the Northern District of Illinois:

   Northern District of Alabama

WELLS v. DEERE & CO., C.A. No. 3:22−00074

   Northern District of Illinois

FOREST RIVER FARMS v. DEERE & CO., C.A. No. 1:22−00188
PLUM RIDGE FARMS, LTD. v. DEERE & CO., C.A. No. 3:22−50030
BROWN v. DEERE & CO., C.A. No. 3:22−50039

   Western District of Oklahoma

FERRELL, ET AL. v. DEERE & CO., C.A. No. 5:22−00157

   Eastern District of Tennessee

UNDERWOOD v. DEERE & CO., C.A. No. 4:22−00005

MDL No. 3031 − **IN RE: DIRECT PURCHASER PLAINTIFF BEEF ANTITRUST LITIGATION**

  Motion of plaintiffs Cheney Brothers, Inc.; Subway Protein Litigation Corp.; and Amory Investments LLC to transfer the following actions to the United States District Court for the District of Minnesota:

   District of Connecticut

SUBWAY PROTEIN LITIGATION CORP. v. CARGILL, INC., ET AL.,
 C.A. No. 3:22−00289

<ins>Southern District of Florida</ins>

CHENEY BROTHERS, INC. v. CARGILL, INC., ET AL., C.A. No. 9:22−80153

<ins>Northern District of New York</ins>

AMORY INVESTMENTS LLC v. CARGILL, INC., ET AL., C.A. No. 3:22−00222

MDL No. 3032 − **IN RE: FAMILY DOLLAR STORES, INC., PEST INFESTATION LITIGATION**

Motion of plaintiff Jerome Whitney to transfer the following actions to the United States District Court for the Western District of Tennessee:

<ins>Southern District of Alabama</ins>

BROWN, ET AL. v. FAMILY DOLLAR, INC., ET AL., C.A. No. 2:22−00105

<ins>Eastern District of Arkansas</ins>

BROWN v. FAMILY DOLLAR, INC., ET AL., C.A. No. 2:22−00040

<ins>Western District of Louisiana</ins>

FIELDS, ET AL. v. FAMILY DOLLAR, INC., C.A. No. 3:22−00611

<ins>Southern District of Mississippi</ins>

LACY, ET AL. v. FAMILY DOLLAR, INC., C.A. No. 3:22−00098

<ins>Western District of Missouri</ins>

PERRONE v. FAMILY DOLLAR, INC., C.A. No. 6:22−03056

<ins>Western District of Tennessee</ins>

WHITNEY v. FAMILY DOLLAR, INC., C.A. No. 2:22−02138

<ins>Eastern District of Virginia</ins>

SMITH, ET AL. v. FAMILY DOLLAR SERVICES, LLC, ET AL., C.A. No. 1:22−00208

MDL No. 3033 − **IN RE: SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA REHABILITATION PLAN LITIGATION**

Motion of defendants Senior Health Insurance Company of Pennsylvania, Michael Humphreys, and Patrick Cantilo to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania:

<u>Southern District of Iowa</u>

IOWA INSURANCE COMMISSIONER v. COMMISSIONER OF INSURANCE FOR THE COMMONWEALTH OF PENNSYLVANIA, ET AL., C.A. No. 4:22−00083

<u>District of New Jersey</u>

CARIDE, ET AL. v. ALTMAN, ET AL., C.A. No. 3:22−01329

<u>Eastern District of North Carolina</u>

CAUSEY v. ALTMAN, ET AL., C.A. No. 5:22−00089

<u>District of North Dakota</u>

GODFREAD, ET AL. v. ALTMAN, ET AL., C.A. No. 1:22−00044

MDL No. 3034 − **IN RE: NEO WIRELESS, LLC, PATENT LITIGATION**

Motion of plaintiff Neo Wireless, LLC to transfer the following actions to the United States District Court for the Eastern District of Texas:

<u>Western District of Missouri</u>

NEO WIRELESS, LLC v. FORD MOTOR COMPANY, C.A. No. 4:22−00210

<u>Southern District of Ohio</u>

NEO WIRELESS, LLC v. AMERICAN HONDA MOTOR CO., INC., ET AL., C.A. No. 2:22−01824

<u>Eastern District of Tennessee</u>

NEO WIRELESS, LLC v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL. C.A. No. 1:22−00076

Middle District of Tennessee

NEO WIRELESS, LLC v. NISSAN NORTH AMERICA, INC., ET AL.,
　C.A. No. 3:22−00220

Eastern District of Texas

NEO WIRELESS, LLC v. TOYOTA MOTOR NORTH AMERICA, INC., ET AL.,
　C.A. No. 2:22−00093
NEO WIRELESS, LLC v. GENERAL MOTORS COMPANY, ET AL.,
　C.A. No. 2:22−00094
NEO WIRELESS, LLC v. TESLA INC., C.A. No. 2:22−00095

MDL No. 3035 − **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND
　　　　　　　　LITIGATION**

Motion of plaintiff Rev. Pearce Ewing to transfer the following actions to the United States District Court for the Western District of Tennessee:

Middle District of Florida

RUSS, ET AL. v. NEWPORT GROUP, INC., ET AL., C.A. No. 3:22−00375

District of Maryland

ALEXANDER v. HARRIS, ET AL., C.A. No. 8:22−00707

Western District of Tennessee

EWING v. NEWPORT GROUP, INC., ET AL., C.A. No. 2:22−02136
JACKSON v. NEWPORT GROUP, INC., ET AL., C.A. No. 2:22−02174

Eastern District of Virginia

WADE, ET AL. v. NEWPORT GROUP, INC., ET AL., C.A. No. 3:22−00179

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Nancy Fried, William Bradley, and Charles Goodinson to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

Central District of California

FRIED v. THOMAS P SCHMALZRIED, ET AL., C.A. No. 2:22−00434

Northern District of California

BRADLEY v. SCHMALZRIED, M.D., ET AL., C.A. No. 4:22−00414

District of New Jersey

GOODINSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:22−01320

MDL No. 2441 − **IN RE: STRYKER REJUVENATE AND ABG II HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Alice White-Hoppe to transfer of the following action to the United States District Court for the District of Minnesota:

District of Oregon

WHITE-HOPPE v. STRYKER CORPORATION, ET AL., C.A. No. 3:22−00189

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of defendants 3M Company; E. I. du Pont de Nemours and Company; The Chemours Company; Corteva, Inc.; and DuPont de Nemours, Inc., to transfer of their respective following actions to the United States District Court for the District of South Carolina:

Central District of California

ORANGE COUNTY WATER DISTRICT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 8:21−01029

Eastern District of New York

TOWN OF HUNTINGTON, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:21−06076

MDL No. 2913 − **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Cristian Ali to transfer of the following action to the United States District Court for the Northern District of California:

Southern District of Florida

ALI v. 7−ELEVEN, INC., C.A. No. 1:22−20328

MDL No. 2989 − **IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**

Opposition of plaintiffs Erik Chavez, et al., to transfer of the following action to the United States District Court for the Southern District of Florida:

Southern District of New York

CHAVEZ, ET AL. v. APEX CLEARING CORPORATION, C.A. No. 1:22−01233

MDL No. 2992 − **IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION**

Motion of defendant Bank of America, N.A. to transfer the following action to the United States District Court for the Southern District of California:

Eastern District of California

BOYD v. BANK OF AMERICA, N.A., C.A. No. 2:22−00244

MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION**

Opposition of plaintiff Robyn Hurley to transfer of the following action to the United States District Court for the Northern District of California:

District of Massachusetts

HURLEY v. MCKINSEY & COMPANY, INC., UNITED STATES, C.A. No. 3:22−10351

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs James Leonberger, et al., and Monica Lewis, et al., to transfer of their respective following actions to the United States District Court for the Southern District of Illinois:

Northern District of Illinois

LEONBERGER, ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL.,
   C.A. No. 1:22−00960
LEWIS, ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL.,
   C.A. No. 1:22−00961

MDL No. 3010 − **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION**

Oppositions of plaintiffs Affilious, Inc., in *Klein* and advertiser plaintiffs Vitor Lindo, et al., in MDL No. 3010 to transfer of the following action to the United States District Court for the Southern District of New York:

Northern District of California

KLEIN, ET AL. v. META PLATFORMS, INC., C.A. No. 3:20−08570

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.