UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DIRECT PURCHASER PLAINTIFF
BEEF ANTITRUST LITIGATION                                    MDL No. 3031

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiffs in the three actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota. The three actions on the motion are individual direct purchaser actions alleging a price fixing conspiracy among leading American beef producers. Movants seek an MDL consisting of only individual direct purchaser actions. The parties, though, have notified the Panel of six related actions, five of which are pending in the District of Minnesota and are coordinated under the caption *In re: Cattle and Beef Antitrust Litigation* and one which is pending in the Northern District of Illinois.[1] Defendants[2] and the class plaintiffs in the Minnesota litigation support centralization. Class plaintiffs specifically request that the litigation caption should be changed to *In re: Cattle and Beef Antitrust Litigation* to mirror the name of the coordinated District of Minnesota proceedings.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from plaintiffs' allegations that, since at least January 1, 2015, until the present, defendants exploited their market power in this highly concentrated market[3] by conspiring to limit the supply, and fix the prices, of

---

[*] Certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Responding defendants include: Cargill Meat Solutions Corporation, Cargill, Inc., JBS Packerland, Inc., JBS S.A., JBS USA Food Company, National Beef Packing Company, Swift Beef Company, Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

[3] In addition to market concentration, plaintiffs argue that defendants sit atop the supply and distribution chain that ultimately delivers beef to the market. Their role is to purchase cattle from the nation's farmers and ranchers, slaughter, and pack cattle into beef, and sell beef to purchasers

- 2 -

beef sold in the U.S. wholesale market. Defendants allegedly implemented and executed their conspiracy by, *inter alia*, coordinating slaughter volumes and cash cattle purchases to wrongfully drive up the price for beef. Plaintiffs allege that this conduct violated federal antitrust law. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The District of Minnesota is the appropriate transferee district for this litigation. All parties support centralization in this readily accessible district. Judge John R. Tunheim is the logical choice to oversee this litigation, as he has presided over the coordinated *In re: Cattle and Beef Antitrust Litigation* since 2019. The Minnesota litigation includes four coordinated categories of litigation (*i.e.*, the Cattle Antitrust Actions, Direct Purchaser Plaintiff Actions (consolidated in *In re: DPP Beef*), Commercial and Institutional Indirect Purchaser Plaintiff Actions and Consumer Indirect Purchaser Plaintiff Actions) and remains at a relatively early stage of discovery and motion practice. If allowed to proceed separately, as requested by movants, the individual direct purchaser actions likely would involve duplicative discovery and potentially inconsistent pretrial rulings. Given his familiarity with the parties and issues in this litigation, as well as his considerable expertise in the conduct of complex and multidistrict litigation, we are confident that Judge Tunheim will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 3031 is renamed *In re: Cattle and Beef Antitrust Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

like plaintiffs. This gatekeeping role allegedly has enabled them to collusively control upstream and downstream beef pricing.

IN RE: DIRECT PURCHASER PLAINTIFF
BEEF ANTITRUST LITIGATION                                       MDL No. 3031

## SCHEDULE A

<u>District of Connecticut</u>

SUBWAY PROTEIN LITIGATION CORP. v. CARGILL, INC., ET AL., C.A. No. 3:22−00289

<u>Southern District of Florida</u>

CHENEY BROTHERS, INC. v. CARGILL, INC., ET AL., C.A. No. 9:22−80153

<u>Northern District of New York</u>

AMORY INVESTMENTS LLC v. CARGILL, INC., ET AL., C.A. No. 3:22−00222